United States District Court
Southern District of Texas
**ENTERED**
September 29, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| ROBERT DANE, JR., and SAMANTHA SHANNON GONZALES, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 6:20-cv-51 |
| DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES and 24TH DISTRICT COURT OF VICTORIA, COUNTY, TEXAS, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION & ORDER

Plaintiffs Robert Dane, Jr., and Samantha Shannon Gonzales filed this Civil Action against Defendants Department of Family and Protective Services ("DFPS") and the 24th District Court of Victoria County, Texas, (the "24th District Court") alleging violations of their rights to due process, to be free from illegal searches and seizures, and to instill religious values to their daughter. (Dkt. No. 1). Previously, Magistrate Judge Jason B. Libby granted Plaintiffs' Application to Proceed in District Court Without Repaying Fees or Costs and held that, unless otherwise ordered, summons shall not be issued until a frivolity review pursuant to 28 U.S.C. § 1915(e)(2) has been completed. (6:20-mc-5, Dkt. No. 2). After reviewing the Complaint, the record, and the applicable law, the Court is of the opinion that this action should be **DISMISSED**.

### BACKGROUND

Plaintiffs' Complaint and the attached exhibits are not exactly a model of clarity. Nevertheless, the Court construes the following allegations from the papers. Plaintiffs allege that on August 20, 2019, DFPS removed their newborn daughter from their custody after a meconium

1

sample taken in the hospital tested positive for drugs.[1] (Dkt. No. 1-1 at 5). Seeking to regain custody, Plaintiffs filed Cause No. 19-08-84865-A in the 24th District Court with Judge Jack Marr ("Judge Marr") presiding. (Dkt. No. 1 at 1). Judge Marr denied Plaintiffs' petition to represent themselves and appointed counsel. *Id.* Subsequently, Judge Marr denied Plaintiffs attempt to fire that counsel. *Id.* Their attorney ultimately requested to withdraw "after receiving a copy of a complaint [Plaintiffs] filed with the Texas State Bar Association and the Chief of Disciplinary Council." *Id.* Judge Marr also failed to set hearings on multiple occasions concerning Plaintiffs' filings that were apparently ignored and rejected because they had been appointed legal counsel. *Id.* Due to these circumstances, Plaintiffs conclude that Judge Marr was biased and had a conflict of interest. *Id.* at 2. It is unclear what the holding in this action was and whether the 24th District Court terminated Plaintiffs' parental rights. Plaintiffs state that they have been "stripped of [their] right" to raise their daughter. *Id.*

On July 28, 2020, Plaintiffs filed a motion to file suit and proceed *in forma pauperis*, which was granted by Magistrate Judge Libby. (6:20-mc-5, Dkt. No. 1-2). The Clerk of Court then filed the Complaint thereby initiating the instant action. (Dkt. No. 1). An initial pretrial and scheduling conference is scheduled on October 9, 2020. (Dkt. No. 2).

## LEGAL STANDARD

Plaintiffs filed this action pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that an action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant

---

1. Although there are two named plaintiffs in the instant suit, the Complaint is written in singular first-person. It is unclear if Plaintiff Robert Dane, Jr., or Plaintiff Samantha Shannon Gonzalez is the plaintiff referred to in the narrative. The attached exhibits do show letters written in the first-person signed only by Plaintiff Dane.

immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *accord Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam).

A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). Such a claim may be dismissed *sua sponte*. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Dismissal. . . is appropriate where the plaintiff fails to allege 'enough facts to state a claim that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir.2010) (quoting *Twombly*, 550 U.S. at 555, 570).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Sevier v. Abbott*, No. C-06-042, 2016 U.S. Dist. LEXIS 198715, at *3 (S.D. Tex. May 13, 2016) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se

complaint, the plaintiff's allegations are assumed to be true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, this requirement does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a claim currently cognizable in a federal district court. *Sevier*, 2016 U.S. Dist. LEXIS 198715, at *4 (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990)).

## ANALYSIS

Plaintiffs allege the following: (1) DFPS violated their right to be free from illegal searches and seizures by taking their daughter with no exigent circumstances (Dkt. No. 1 at 2); (2) the 24th District Court violated their right to due process when Judge Marr appointed counsel against Plaintiffs' desire to represent themselves, refused to allow Plaintiffs to relieve appointed counsel, failed to set hearings on multiple occasions and rejected pro se filings because counsel had been appointed, and failed to recuse himself due to a clear conflict of interest (*Id. at* 1).; and (3) the 24th District Court violated their "liberty interest" to instill religious beliefs in their daughter (*Id.* at 3). Upon reviewing the pleadings, the Court finds that Plaintiffs' claims should be dismissed for failure to state a claim and for frivolity.

Plaintiffs' claim against DFPS fails because they have not stated enough facts to allege a violation of their right against illegal searches and seizures. Plaintiffs solely state the conclusory allegation that DFPS "violated while acting under color of law through representative Nicole Carver, my daughter [name redacted] and myself our Texas constitutionally protected right to be free of illegal search and seizure." (Dkt. No. 1 at 2). Even if the Court were to construe this statement as Plaintiffs' attempt to pursue a civil action under 28 U.S.C. § 1983 for violations of their Fourteenth Amendment rights, they still fail to plead specific facts to plausibly state this claim.

4

Plaintiffs' claims against the 24th District Court likewise fail because Judge Marr is entitled to judicial immunity. Judges are immune to monetary damages while acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Judges are immune from suit for damages resulting from any judicial act, unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Allegations of bad faith or malice do not overcome judicial immunity. *Mireles*, 502 U.S. at 11. "The fact that it is alleged that the judge acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity." *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). Here, Plaintiffs allege no facts that would even suggest that Judge Marr acted without jurisdiction. Plaintiffs are essentially trying to hold the 24th District Court liable for its performance of judicial acts. Thus, their claims lack any arguable basis in law and fact given the 24th District Court's absolute judicial immunity.

Finally, Plaintiffs do not seek any legal relief from the Court—monetary or otherwise—but merely allege that their rights have been violated.

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is **SO ORDERED**.

Signed this 28th day of September, 2020.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**